IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL NEDAB )<br>　　　Plaintiff　　　) <br> ) <br> vs. ) <br> ) <br> DAVID NEAL, et al. ) <br>　　　Defendant. 　　　) | C.A. No. 06-07 Erie <br> District Judge Mclaughlin <br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [Document # 18] be granted. As Defendants have not moved to dismiss the conspiracy claim against Defendants Neal and Sobina, that claim and those two Defendants remain. All other Defendants (Punxsutawney State Police Department, John Doe #1 identified as the Commanding Officer of the Pennsylvania State Police, Franklin State Police Department, and Jeffrey Miller, the Commissioner of the Pennsylvania State Police) should be terminated from this docket. Defendants Neal and Sobina should be directed to file an answer or responsive pleading to the complaint before February 28, 2007.

**II.　REPORT**

Plaintiff, formerly an inmate incarcerated within the State Correctional System of Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Named as Defendants are: Captain David Neal of the Pennsylvania State Police; the Punxsutawney State Police Department; John Doe, Commanding Officer of the Pennsylvania State Police; the Franklin State Police Department; Jeffrey Miller, Commissioner of Pennsylvania State Police; and Raymond Sobina, Superintendent of SCI-Forest.

1

Plaintiff alleges that on March 3, 2005, while he was incarcerated at SCI-Forest, he was assaulted by prison staff. Following the assault, Plaintiff allegedly contacted the Pennsylvania State Police by letter requesting that a private criminal complaint be filed against his assailants and that an investigation be undertaken.

On May 5, 2005, Defendant Captain Dave Neal of the Pennsylvania State Police responded to Plaintiff by letter indicating that the Department of Corrections had established the Office of Professional Responsibilities to investigate complaints such as [Plaintiff's], and that each prison had assigned an Intelligence Officer responsible for reviewing and investigating the matter. Later, Plaintiff sent a second letter to Defendant Neal and again Defendant Neal responded to Plaintiff by letter reiterating his earlier position. In July of 2005, Plaintiff alleges that he was again assaulted at SCI-Forest by prison staff and that two of his assailants were identical to those from the first assault.

Plaintiff alleges that Defendants Sobina and Neal conspired "to give the prison time to alter and/or destroy criminal evidence and to deter and intimidate me from pursuing legal recourse reguarding [sic] the assault." Document # 6, ¶ 21. Plaintiff claims that his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments were violated and that 42 U.S.C. §§ 1983, 1985, 1985(2), 1985(3) and 1986 were violated. Additionally, Plaintiff avers that the Defendants' actions "violated Pa. State Tort Law claims under 28 U.S.C. § 1347."[1]

Defendants have filed a motion to dismiss and Plaintiff has filed an opposition brief. These issues are ripe for disposition by this Court.

### B.  Standard of Review

#### 1.  *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

---

[1] The federal statute to which Plaintiff cites is entitled "Partition action where United States is joint tenant" and is inapplicable to the present case.

2

than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

      **2.**    **Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in

3

order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C. Standing

Plaintiff alleges that his constitutional rights have been violated by the failure of the Pennsylvania State Police to investigate the assault and file criminal charges against Plaintiff's assailants.

It is well established that a private citizen lacks standing to bring a lawsuit such as the present one. The U.S. Supreme Court has "...consistently [held] that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. ... [I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D. and Texas, et al., 410 U.S. 614, 619 (1995). See also Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, ___ n.13 (2005).

Accordingly, the motion to dismiss should be granted in this regard. Defendants have not moved to dismiss the conspiracy claim against Defendants Neal and Sobina and so that claim remains.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss [Document # 18] be granted. As Defendants have not moved to dismiss the conspiracy claim against Defendants Neal and Sobina, that claim and those two Defendants remain. All other Defendants should be terminated from this docket. Defendants Neal and Sobina should be direct to file an answer or responsive pleading to the complaint before February 28, 2007.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from

the date of service to file objections to this Report and Recommendation.


                                                S/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                Chief United States Magistrate Judge


Dated: January 29, 2007