IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL NEDAB ) | |
|     Plaintiff ) | |
| ) | C.A. No. 06-07 Erie |
| vs. ) | District Judge McLaughlin |
| ) | Magistrate Judge Baxter |
| DAVID NEAL, et al. ) | |
|     Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 28] be granted.   The Clerk of Courts should be directed to close this case.

**II.   REPORT**

Plaintiff, formerly an inmate incarcerated within the State Correctional System of Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983.  The only Defendants remaining in this action are: Captain David Neal of the Pennsylvania State Police and Raymond Sobina, Superintendent of SCI-Forest.[1]

In his complaint, Plaintiff alleges that on March 3, 2005, while he was incarcerated at SCI-Forest, he was assaulted by prison staff.  Following the assault, Plaintiff allegedly contacted the Pennsylvania State Police by letter requesting that a private criminal complaint be filed against his assailants and that an investigation be undertaken.  On May 5, 2005, Defendant Captain Neal of the Pennsylvania State Police responded to Plaintiff by letter indicating that the Department of Corrections had established the Office of Professional Responsibilities to investigate complaints such as Plaintiff's, and that each prison had assigned an Intelligence

---

[1]   Several other Defendants have previously been dismissed from this action.

Officer responsible for reviewing and investigating the matter.  Later, Plaintiff sent a second letter to Defendant Neal and again Defendant Neal responded to Plaintiff by letter reiterating his earlier position.  In July of 2005, Plaintiff alleges that he was again assaulted at SCI-Forest by prison staff and that two of his assailants were identical to those from the first assault.

The only claim remaining in this case is Plaintiff's allegation that Defendants Sobina and Neal conspired together "to give the prison time to alter and/or destroy criminal evidence and to deter and intimidate me from pursuing legal recourse reguarding [sic] the assault."  Document # 6, ¶ 21.

Defendants have filed a motion to dismiss.  Despite being given the opportunity to do so, Plaintiff has failed to file a brief in opposition to the pending motion to dismiss.

### B. Standard of Review
#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521(1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make

inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### C. Conspiracy claim

Defendants move to dismiss the conspiracy claim against them because Plaintiff has failed to state a claim in this regard.  Plaintiff has not filed an opposition to the pending motion to dismiss.

As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims.  See Fed.R.Civ.P. 8.  However, conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them.  Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "While the pleading standard under [Federal Rules of Civil Procedure] 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." Johnson v. Kafrissen, 1995 WL 355289, *2 (E.D. Pa. 1995). See also Wells v. Biehn, 1995 WL 118223 (E.D. Pa. 1995) (dismissing as frivolous, pursuant to 28 U.S.C. § 1915(d), claims against judges, county solicitors, and public defenders).

Here, Plaintiff only alleges that Neal and Sobina conspired together "to give the prison time to alter and/or destroy criminal evidence and to deter and intimidate me from pursuing legal recourse reguarding [sic] the assault."  Document # 6, ¶ 21.  Plaintiff makes no further allegation to attempt to inform this Court or the Defendants of the factual basis for this claim.  Under the Federal Rules of Civil Procedure, Plaintiff's allegations of conspiracy, as pled, do not support a conspiracy claim.

Accordingly, the motion to dismiss should be granted and this case should be closed.

## III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants  [Document # 28] be granted.   The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See <u>Nara v. Frank</u>, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

                                                          <u>S/ Susan Paradise Baxter</u>
                                                          SUSAN PARADISE BAXTER
                                                          Chief United States Magistrate Judge

Dated: July 23, 2007